**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Renford CLARKE, Defendant–**
**Appellant.**

**No. 00–50722.**
**D.C. No. CR–99–02071–IEG.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided July 25, 2002.

Before PREGERSON, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

Renford Clarke pled guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1). He challenges his conviction on the grounds that: (1) the district court did not inform him at his change of plea hearing that the government would be required to prove drug quantity to a jury beyond a reasonable doubt; (2) the district court failed to inform him that the mandatory minimum and maximum penalties were tied to drug quantity and (3) the safety valve provision did not apply as the parties anticipated it would. We affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Where a finding of drug quantity exposes a defendant to a higher statutory maximum than he would otherwise face, Federal Rule of Criminal Procedure 11(c)(1) requires the district court to advise the defendant that the government must prove quantity to a jury beyond a reasonable doubt. *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir.2002). The district court's failure to do so here constituted error, which was "plain." *Id.* at 1118. Moreover, the error affected Clarke's substantial rights because he was not aware when he entered his plea that he could make the government prove his responsibility for the 731 pounds of marijuana found in Donald Simpson's home. *Id.* at 1119–20. However, we will not exercise our discretion to correct the district court's error because Clarke admitted in his plea agreement and at the plea colloquy that he should be held responsible for the 731 pounds of marijuana. *See id.* at 1120.

Clarke does not cite any authority that the district court was required to explain that the mandatory minimum and maximum penalties were tied to drug quantity. The district court fully complied with Rule 11(c)(1)'s requirement that the defendant be advised of the statutory minimum and maximum sentences, and thus reversal is not warranted on this basis.

Finally, there is no reason to reverse the conviction merely because the safety valve provision did not apply as the parties anticipated it would. The district court repeatedly told Clarke that the plea agreement did not guarantee him any particular sentence. It is therefore not unfair to hold Clarke to his bargain.

AFFIRMED.